IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| OMAR TORRES,        )<br>     Plaintiff        )<br>                        )<br>   v.                )<br>                        )<br>HOLLY C. DOBROSKY, ESQUIRE, )<br>     Defendant.        ) | C.A. No. 06-172 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.     RECOMMENDATION**

It is respectfully recommended that Defendant's motion to dismiss [Document # 11] be granted.

**II.    REPORT**

Plaintiff Omar Torres, presently incarcerated at the State Correctional Institution at Forest in Marienville, Pennsylvania, brings this action *pro se,* pursuant to 42 U.S.C. § 1983, against Defendant, Holly C. Dobrosky, Esquire.  In his complaint, Plaintiff alleges that Defendant "was ineffective and displayed wanton dereliction of her responsibilities ..." during her representation of Plaintiff at his sentencing and on appeal from his criminal conviction. (Document # 4, Complaint, at p. 4, ¶ 7).  As a result, Plaintiff alleges that Defendant violated his due process rights. (Id. at p. 7, ¶ 20).  As relief, Plaintiff requests declaratory and injunctive relief and monetary damages. (Id. at p. 8, Section VII).

Defendant has filed a motion to dismiss Plaintiff's complaint based, in part, on this Court's lack of subject matter jurisdiction, because Defendant was not acting under "color of state law," as is required for Plaintiff to maintain an action under 42 U.S.C. § 1983.  Despite being given ample opportunity to file a response to Defendant's motion, Plaintiff has failed to do so.  This matter is now ripe for consideration.

A.   **Standards of Review**

   1.   *Pro se* **Litigants**

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972) quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir.1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

   2.   **Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)**

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction which attacks the complaint as deficient on its face, the Court must take all allegations in the complaint as true. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891(3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d

62, 69 (3rd Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

In Mortensen, the Third Circuit delineated the standard of review to be used in a 12(b)(1) motion, as opposed to a motion under 12(b)(6), stating:

> The basic difference among the various 12(b) motions is, of course, that 12(b)(6) alone necessitates a ruling on the merits of the claim, the others deal with procedural defects. Because 12(b)(6) results in a determination on the merits at an early stage of plaintiff's case, the plaintiff is afforded the safeguard of having all its allegations taken as true and all inferences favorable to plaintiff will be drawn. . . .
>
> The procedure under a motion to dismiss for lack of subject matter jurisdiction is quite different. At the outset we must emphasize a crucial distinction, often overlooked, between 12(b)(1) motions that attack the complaint on its face and 12(b)(1) motions that attack the existence of subject matter jurisdiction in fact, quite apart from any pleadings. The facial attack does offer similar safeguards to the plaintiff: the court must consider the allegations of the complaint as true. The factual attack, however, differs greatly for here the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56 . Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction its very power to hear the case there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case. In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist.

549 F.2d 884, 891. Accordingly, no presumptive truthfulness attaches to Plaintiff's allegations regarding subject matter jurisdiction.

### B. Discussion

Defendant is a private attorney who was retained by Plaintiff's father to represent Plaintiff at his sentencing and on appeal from his criminal conviction. In order to bring suit under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of his constitutional rights. Private attorneys acting on behalf of their clients are not state actors. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 787 F.Supp. 471, 475 (E.D.

Pa. 1992) (attorneys are not state actors by virtue of status as officers of the court).[1]  Although private attorneys "are not immune from § 1983 liability when they conspire with state officials to deprive their client of federal rights," Figueroa v. Clark, 810 F.Supp. 613, 616 (E.D. Pa. 1992); Tower v. Glover, 467 U.S. 914 (1984), Plaintiff has not made any allegations that Defendant conspired with state officials to deprive him of his constitutional rights.  Thus, Plaintiff's allegations do not support a cognizable claim against Defendant under 42 U.S.C. § 1983.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that Defendant's motion to dismiss [Document # 11] be granted for lack of subject matter jurisdiction..

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation.

S/Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
Chief U.S. Magistrate Judge

Dated: July 23, 2007

cc:    The Honorable Sean J. McLaughlin  
       United States District Judge

---

[1] Plaintiff may be attempting to set forth either a malpractice or an ineffective assistance of counsel claim.  Such claims are not proper § 1983 claims.  *See generally* Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (petition for writ of habeas corpus proper for ineffective assistance of counsel claim); Shaw v. Strackhouse, 920 F.2d 1135 (3d Cir. 1990) (section 1983 is designed to address Constitutional deprivations, not torts).